# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **Sylvia A. Nelson,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** 3:09-cv-72-JFA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Sterling Jewelers Inc. d/b/a Kay Jewelers** | ) | |
| | ) | **DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Sylvia Nelson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Columbia Division because the Plaintiff resides in Sumter County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Sylvia A. Nelson, is a resident and citizen of the State of South Carolina, Sumter County, and is over the age of twenty-one (21) years.

5. Defendant, Sterling Jewelers, Inc. d/b/a Kay Jewelers (hereinafter referred to as "Kay Jewelers"), is believed to be an Ohio corporation with its principal place of business at 375 Ghent Road, Akron, Ohio 44333. Defendant Sterling can be served through its registered agent for service of process Dimche Kostrevski 38 South Hamilton Road, Columbus Ohio 43213. In all respects and at all times relevant herein, Defendant was doing business in the State of South Carolina.

## FACTUAL ALLEGATIONS

6. On or about February 26, 2007, Defendant Sterling Jewelers filed a lawsuit in the Court of Common Pleas, Third Judicial Circuit, with case number 2007-CP-43-416, alleging that Sylvia Nelson owed Defendant $6,131.94 on a past due account.

7. On or about April 13, 2007, Sylvia Nelson filed an Answer and Counterclaim denying she ever had an account with Sterling Jewelers.

8. On June 23, 2008, Sylvia Nelson and Sterling Jewelers, by and through their counsel, agreed to the entry of a Consent Order of Dismissal whereby all claims and counterclaims existing between the parties were released with

prejudice. Specifically, all presumed indebtedness of Sylvia A. Nelson on any account with Sterling Jewelers d/b/a Kay Jewelers was dismissed with prejudice.

9. Since June 23, 2008, Defendant Sterling Jewelers has continually attempted to collect said alleged indebtedness and has also continued to report said account as due and owing to the national credit bureaus.

10. The Plaintiff's July 20, 2008 Equifax credit report shows that Defendant Sterling is continuing to report a Kay Jewelers account as belonging to the Plaintiff, as having a past due balance in excess of $6,000, and as being charged off.

11. On August 4, 2008, the Plaintiff sent a written dispute to Equifax specifically disputing the reporting of the Kay Jewelers account as not her account and stating that the matter had been settled.

12. After investigating the Plaintiff's dispute, Equifax responded that Defendant had verified the Kay Jewelers account as belonging to the Plaintiff. Although a statement indicating the Plaintiff's dispute was added to her Equifax credit report, Defendant continued to report the account as belonging to the Plaintiff, having a balance in excess of $6,000, and as being charged off.

13. Additionally, Defendant continued to report the Kay Jewelers account to Experian and to TransUnion.

14. On September 12, 2008, the Plaintiff sent a letter to Defendant informing them that the Kay Jewelers account was continuing to report on her credit reports, that the account was not her account, and requesting that the account be immediately removed.

15. On September 12, 2008, the Plaintiff also sent additional disputes to Experian and Equifax continuing to dispute the reporting of the Kay Jewelers account on her credit report.

16. On October 20, 2008, the Plaintiff was notified by Equifax that Defendant had verified the account and that it would continue to be reported on her credit report.

17. On October 30, 2008, the Plaintiff again sent a letter to the Defendant informing them that the Kay Jewelers account was continuing to report on her credit reports, that she has never had an account with Kay Jewelers, and that she wanted the account removed from her credit reports immediately.

18. On or about November 19, 2008, the Plaintiff received a letter from Kay Jewelers stating "We have researched your inquiry regarding your account with Kay Jewelers and find the information we are reporting is correct. The account will be reported as an unpaid charge-off."

19. To date, Defendant continues to falsely report a Kay Jewelers account on the Plaintiff's credit reports as belonging to her, being charged off, and having a

balance of over $6,000.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 6 through 19 hereinbefore as if fully set forth herein.

21. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendant had provided to a consumer reporting agency.

22. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

23. Defendant violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by Defendant to a consumer reporting agency.

24. Defendant violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

25. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

26. Defendant violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendant's account was inaccurate, incomplete, false, and misleading.

## COUNT TWO
## DEFAMATION, LIBEL AND SLANDER

27. The Plaintiff adopts the averments and allegations of paragraphs 6 through 26 hereinbefore as if more fully set forth herein.

28. Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large. Said statements subjected the Plaintiff to the denial of credit by third parties and harmed the Plaintiff's reputation.

29. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

30. Defendant communicated to credit reporting agencies and other third parties, false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

31. Said communications were made to national credit bureaus, to their agents and employees, and to the public at large.

32. Said communications were false in that Plaintiff was not indebted to the Defendant and Plaintiff did not owe any balance on said account. In fact, the

Consent Order of Dismissal entered on June 23, 2008, specifically stated that all presumed indebtedness on the account was dismissed with prejudice.

33. At the time said communications were made, the Defendant knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

34. As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to her reputation in the eyes of her community and the public, and/or was subjected to ridicule.

35. Said communications were oral and written.

36. As a proximate consequence of said defamation, the Plaintiff was caused to have negative credit reports, held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish for which she claims compensatory and punitive damages.

### COUNT THREE
### NEGLIGENT TRAINING AND SUPERVISION

37. The Plaintiff adopts the averments and allegations of paragraphs 6 through 36 hereinbefore as if fully set forth herein.

38. The Defendant knew or should have known of its inadequate training and

supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

39. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper, and/or in violation of the Fair Credit Reporting Act.

40. The Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

41. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION

42. The Plaintiff adopts the averments and allegations of paragraphs 6 through 41 hereinbefore as if fully set forth herein.

43. The Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

44. The Defendant knew or should have known that the conduct of its employees,

agents, and/or assigns was improper.

45. The Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

46. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant, Sterling Jewelers, Inc. d/b/a Kay Jewelers for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3);

D. Compensatory and punitive damages in excess of the jurisdictional requirements of this Court, from Defendant on Plaintiff's State law claims in an amount to be determined by a jury; and

E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**SERVE DEFENDANTS VIA CERTIFIED MAIL - RESTRICTED DELIVERY:**
Sterling Jewelers, Inc. D/b/a Kay Jewelers
c/o Mike Light, President and CEO
375 Ghent Road
Akron, OH 44333-4600

Sterling Jewelers, Inc. D/b/a Kay Jewelers
c/o Dimche Kostrevski, Registered Agent
38 South Hamilton Road
Columbus, OH 43213